1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RICARDO CHERY, MARCUS MCFARLAND, and JASMINE SIGGERS, individually and on behalf of all others similarly situated,        Plaintiffs,<br><br>           v.<br><br>TEGRIA HOLDINGS LLC,<br><br>                Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br><br><br>**JURY DEMAND** |

## <u>NATURE OF SUIT</u>

Plaintiffs Ricardo Chery ("Chery"), Marcus McFarland ("McFarland"), and Jasmine

Siggers ("Siggers") (collectively, "Plaintiffs") through their undersigned counsel, individually

and on behalf of all others similarly situated, file this Collective and Class Action Complaint

against Defendant Tegria Holdings LLC ("Tegria" or "Defendant"), seeking all available relief

under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York,

California, Illinois, and Maine state law. Plaintiffs allege that they and other similarly situated

consultants worked in excess of forty hours per week with no overtime pay. The following

COMPLAINT- 1
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I. <u>JURISDICTION AND VENUE</u>

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since a number of the events giving rise to the Complaint occurred in this District. Specifically, Defendant Tegria has its headquarters in Washington, in this judicial district.

## II. <u>PARTIES</u>

4. Plaintiff Ricardo Chery ("Plaintiff Chery" or "Chery") is an individual residing in Marietta, Georgia. Chery worked for Defendant providing software training to healthcare professionals to Defendant's clients in New York and California from January to March 2022. Pursuant to 29 U.S.C. § 216(b), Chery has consented in writing to participate in this action. *See* Exhibit A.

5. Plaintiff Marcus McFarland ("Plaintiff McFarland" or "McFarland") is an individual residing in Hattiesburg, Mississippi. McFarland worked for Defendant providing software training to health care professionals to Defendant's clients in New York, California, and Maine between January 2022 and October 2022. Pursuant to 29 U.S.C. § 216(b), McFarland has consented in writing to participate in this action. *See* Exhibit B.

COMPLAINT- 2
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

6.      Plaintiff Jasmine Siggers ("Plaintiff Siggers" or "Siggers") is an individual residing in Ellisville, Mississippi. Siggers worked for Defendant providing software training to health care professionals to Defendant's clients in California, New York, and Illinois at various points between September 2018 and July 2022. Pursuant to 29 U.S.C. § 216(b), Siggers has consented in writing to participate in this action. *See* Exhibit C.

7.      Defendant Tegria Holdings LLC ("Tegria") is a company providing consulting and technology services to clients in the healthcare sector. Tegria is headquartered in Renton, Washington.

8.      Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.      Defendants' annual gross volume of sales made or business done exceeds $500,000.

### III.      COLLECTIVE AND CLASS DEFINITIONS

10.      Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for Defendant providing software training to
>
> hospital workers in the United States from April 20, 2020 to the present
>
> ("FLSA Collective").

11.      Plaintiffs bring Count II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

COMPLAINT- 3
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

All individuals who worked for Defendant providing software training to hospital workers in New York from April 20, 2017 to the present ("New York Class").

12.     Plaintiffs bring Count III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

All individuals who worked for Defendant providing software training to hospital workers in California from April 20, 2020 to the present ("California Class").

13.     Plaintiff Siggers brings Count IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

All individuals who worked for Defendant providing software training to hospital workers in Illinois from April 20, 2020 to the present ("Illinois Class").

14.     Plaintiff McFarland brings Count V of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

All individuals who worked for Defendant providing software training to hospital workers in Maine from April 20, 2020 to the present ("Maine Class").

15.     The FLSA Collective and the New York, California, Illinois, and Maine Classes are together referred to as the "Classes."

16.     Plaintiffs reserve the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

COMPLAINT- 4
Case No.

# IV.   FACTS

17.     Defendant is a healthcare consulting and technology company that, among other activities, provides training and support to hospitals as they implement new software to perform electronic record keeping. Defendant employs workers such as Plaintiffs Chery, McFarland, and Siggers, who perform such trainings and support services throughout the United States.

18.     Defendant's financial results are significantly driven by the number of workers providing training and support services for Defendant's customers and the fees that Defendant charges the customers for these services.

19.     Between January and March 2022, Plaintiff Chery worked as a consultant for Defendant at healthcare facilities in New York and California.

20.     Between January 2022 and October 2022, Plaintiff McFarland worked as a consultant for Defendant at healthcare facilities in New York, California, and Maine.

21.     At various points between September 2018 and July 2022, Plaintiff Siggers worked as a consultant for Defendant at healthcare facilities in California, New York, and Illinois.

22.     Plaintiffs were paid solely on an hourly basis and were paid only for the time they billed to the end client.

23.     Plaintiffs routinely worked in excess of 40 hours a week (in fact, typically in excess of 80 hours per week) while performing work for Defendant. Plaintiff's project assignments frequently required them to work 12 hours a day, 7 days a week.

24.     Plaintiffs were never paid time and a half for work performed for the Defendant over 40 hours per week.

COMPLAINT- 5
Case No.

**A. Plaintiffs and Class Members are not Exempt as "Computer Employees" under the FLSA**

25.    Plaintiffs and Class Members provide support and training to hospital staff in connection with the implementation of new software. Plaintiffs and Class Members do not work as, nor are they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

26.    Plaintiffs' and Class Members' primary duties consist of training hospital staff in using new software. Plaintiffs' and Class Members' primary duties do not include the higher skills of "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Class Members do not analyze, consult, or determine hardware, software programs, or any system functional specifications for Defendant's clients. *See id.*

27.    Plaintiffs and Class Members do not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiff and Class Members do not design, develop, document, analyze, create, test, or modify computer systems or programs as defined in 29 C.F.R. § 541.400(b)(2).

28.    Plaintiffs and Class Members are not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the FLSA. Plaintiffs and Class Members provide support and training to Defendant's clients in adapting to new software.

**B. Plaintiffs and Class Members Routinely Worked in Excess of Forty Hours a Week**

29.    Plaintiffs' and Class Members' assignments for Defendant frequently required them to work over 80 hours per week.

COMPLAINT- 6
Case No.

30.     Although Plaintiffs and Class Members were routinely required to work more than forty (40) hours per week, they did not receive one and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA, New York, California, Illinois, and Maine state laws.

31.     Instead, Plaintiffs and Class Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week.

**C. Defendants Willfully Violated the FLSA**

32.     Defendants and their senior management had no reasonable basis to believe that Plaintiffs and the members of the FLSA Collective were exempt from the requirements of the FLSA. Rather, Defendants either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay overtime to Plaintiffs and the FLSA Collective. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendants' actions and/or failures to act, including the following:

a.     At all times relevant hereto, Defendants maintained payroll records which reflected the fact that Plaintiffs and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, Defendants had actual knowledge that Plaintiffs and the FLSA Collective Members worked overtime;

b.     At all times relevant hereto, Defendants knew that they did not pay Plaintiffs and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

COMPLAINT- 7
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

c.    As evidenced by their own job offer letters, consultant agreements, employment agreements, and training materials for consultants, at all times relevant hereto, Defendants were aware of the nature of the work performed by their consultants, and, in particular, that these individuals worked exclusively at-the-elbow of healthcare workers employed by Defendants' clients, providing basic training and support;

d.    As evidenced by its own job offer letters, employment agreements, and training materials for consultants, Defendants knew and understood that they were subject to the wage requirements of the FLSA as "employers" under 29 U.S.C. § 203(d).

e.    At all times relevant hereto, Defendants were aware that their consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f.    Defendants lacked any reasonable or good faith basis to believe that their consultants fell within any exemption from the overtime requirements of the FLSA.

g.    At all times relevant hereto, Defendants were aware that they would (and, in fact did) benefit financially by failing to pay Plaintiffs and the FLSA

COMPLAINT- 8
Case No.

Collective Members one and one-half (1 ½) times their regular pay rate

for hours worked in excess of forty (40) hours per week.

33.     Based upon the foregoing, Defendants were cognizant that, or recklessly

disregarded whether, their conduct violated the FLSA.

**V.      COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

34.     Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a

collective action on behalf of the class defined above.

35.     Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-

in to this action pursuant to 29 U.S.C. § 216(b).

36.     Plaintiffs and the FLSA Collective Members are "similarly situated" as that term

is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked

pursuant to Defendant's previously described common business and compensation practices as

described herein, and, as a result of such practices, have not been paid the full and legally

mandated overtime premium for hours worked over forty (40) during the workweek. Resolution

of this action requires inquiry into common facts, including, *inter alia*, Defendant's

compensation and payroll practices.

37.     Specifically, Defendant paid Plaintiffs and FLSA Collective Members a set hourly

rate, regardless of the number of hours they worked.

38.     The similarly situated employees are known to Defendant, are readily identifiable,

and can easily be located through Defendant's business and human resources records.

39.     Defendant employs many FLSA Collective Members throughout the United

States. These similarly situated employees may be readily notified of this action through U.S.

Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for

COMPLAINT- 9
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

**A. New York Class Action Allegations**

40.    Plaintiffs bring Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the New York Class defined above.

41.    The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New York Class.

42.    Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

43.    There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendant has violated and continue to violate New York law through its policy or practice of failing to pay workers overtime compensation.

44.    Plaintiffs' claims are typical of the claims of the New York Class Members in the following ways, without limitation: (a) Plaintiffs are members of the New York Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the New York Class Members; and

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

(e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the New York Class Members.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

46.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class Members are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual New York Class Members that would establish incompatible standards of conduct for Defendant.

47.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

48.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

COMPLAINT- 11
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

**B.  California Class Action Allegations**

49.     Plaintiffs bring Count III of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the California Class defined above.

50.     The members of the California Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the California Class.

51.     Plaintiffs will fairly and adequately represent and protect the interests of the California Class because there is no conflict between Plaintiffs' claims and those of the California Class, and Plaintiffs' claims are typical of the claims of the California Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

52.     There are questions of law and fact common to the proposed California Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendant has violated and continue to violate California law by failing to pay its workers overtime compensation.

53.     Plaintiffs' claims are typical of the claims of the California Class Members in the following ways, without limitation: (a) Plaintiffs are members of the California Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the California Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the California Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the California Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the California Class Members.

COMPLAINT- 12
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual Class Members.

55. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The California Class Members are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying adjudications with respect to individual California Class Members that would establish incompatible standards of conduct for Defendant.

56. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the California Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

57. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the California Class. Plaintiffs envision no difficulty in the management of this action as a class action.

COMPLAINT- 13
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

1

**C.  Illinois Class Action Allegations**

2       58.     Plaintiff Siggers brings Count IV of this action as a class action pursuant to Fed.

3    R. Civ. P. 23 on behalf of herself and the Illinois Class defined above.

4       59.     The members of the Illinois Class are so numerous that joinder of all members is

5    impracticable. Upon information and belief, there are more than forty (40) members of the Illinois

6    Class.

7       60.     Plaintiff Siggers will fairly and adequately represent and protect the interests of

8    the Illinois Class because there is no conflict between her claims and those of the Illinois Class,

9    and Plaintiffs Siggers's claims are typical of the claims of the Illinois Class. Plaintiffs Siggers's

10   counsel are competent and experienced in litigating class actions and other complex litigation

11   matters, including wage and hour cases like this one.

12      61.     There are questions of law and fact common to the proposed Illinois Class, which

13   predominate over any questions affecting only individual Class Members, including, without

14   limitation, whether Defendant has violated and continues to violate Illinois law by failing to pay

15   its workers overtime compensation.

16      62.     Plaintiffs Siggers's claims are typical of the claims of the Illinois Class Members

17   in the following ways, without limitation: (a) Plaintiff Siggers is a member of the Illinois Class;

18   (b) her claims arise out of the same policies, practices and course of conduct that form the basis

19   of the claims of the Illinois Class; (c) her claims are based on the same legal and remedial theories

20   as those of the Illinois Class and involve similar factual circumstances; (d) there are no conflicts

21   between the interests of Plaintiffs Siggers and the Illinois Class Members; and (e) the injuries

22   suffered by Plaintiffs Siggers are similar to the injuries suffered by the Illinois Class Members.

23      63.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

24

COMPLAINT- 14
Case No.

1  of law and fact common to the Illinois Class predominate over any questions affecting only

2  individual Class Members.

3     64. Class action treatment is superior to the alternatives for the fair and efficient

4  adjudication of the controversy alleged herein. Such treatment will permit a large number of

5  similarly situated persons to prosecute their common claims in a single forum simultaneously,

6  efficiently, and without the duplication of effort and expense that numerous individual actions

7  would entail. No difficulties are likely to be encountered in the management of this class action

8  that would preclude its maintenance as a class action, and no superior alternative exists for the

9  fair and efficient adjudication of this controversy. The Illinois Class Members are readily

10  identifiable from Defendant's own records. Prosecution of separate actions by individual

11  members of the Illinois Class would create the risk of inconsistent or varying adjudications with

12  respect to individual Illinois Class Members that would establish incompatible standards of

13  conduct for Defendant.

14     65. A class action is superior to other available methods for adjudication of this

15  controversy because joinder of all members is impractical. Further, the amounts at stake for many

16  of the Illinois Class Members, while substantial, are not great enough to enable them to maintain

17  separate suits against Defendant.

18     66. Without a class action, Defendant will retain the benefit of its wrongdoing, which

19  will result in further damages to Plaintiffs Siggers and the Illinois Class. Plaintiffs Siggers

20  envisions no difficulty in the management of this action as a class action.

21  **D. Maine Class Action Allegations**

22     67. Plaintiff McFarland brings Count V of this action as a class action pursuant to

23  Fed. R. Civ. P. 23 on behalf of himself and the Maine Class defined above.

24

COMPLAINT- 15
Case No.

68.     The members of the Maine Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Maine Class.

69.     Plaintiff McFarland will fairly and adequately represent and protect the interests of the Maine Class because there is no conflict between the claims of Plaintiff McFarland and those of the Maine Class, and Plaintiff McFarland's claims are typical of the claims of the Maine Class. Plaintiff McFarland's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

70.     There are questions of law and fact common to the proposed Maine Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendant has violated and continue to violate California law by failing to pay its workers overtime compensation.

71.     Plaintiff McFarland's claims are typical of the claims of the Maine Class Members in the following ways, without limitation: (a) Plaintiff McFarland is a member of the Maine Class; (b) Plaintiff McFarland's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Maine Class; (c) Plaintiff McFarland's claims are based on the same legal and remedial theories as those of the Maine Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff McFarland and the Maine Class Members; and (e) the injuries suffered by Plaintiff McFarland are similar to the injuries suffered by the Maine Class Members.

72.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Maine Class predominate over any questions affecting only individual Class Members. Class action treatment is superior to the alternatives for the fair and

COMPLAINT- 16
Case No.

efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Maine Class Members are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the Maine Class would create the risk of inconsistent or varying adjudications with respect to individual Maine Class Members that would establish incompatible standards of conduct for Defendant.

73.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Maine Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

74.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff McFarland and the Maine Class. Plaintiff McFarland envisions no difficulty in the management of this action as a class action.

## VI.     FIRST CAUSE OF ACTION: VIOLATION OF THE FLSA

### (On Behalf of Plaintiffs and the FLSA Collective Members)

75.     All previous paragraphs are incorporated as though fully set forth herein.

76.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

COMPLAINT- 17
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

77.     Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

78.     During all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

79.     During all relevant times, Plaintiffs and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

80.     Plaintiffs and the FLSA Collective Members are not exempt from the requirements of the FLSA.

81.     Plaintiffs and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

82.     Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Members for all their overtime hours worked.

83.     Defendant knowingly failed to compensate Plaintiffs and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

84.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

85.     In violating the FLSA, on information and belief, Defendant did not have any good faith basis to rely on any legal opinion or advice to the contrary.

COMPLAINT- 18
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

1

2

## VII.   SECOND CAUSE OF ACTION: VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

3

### (Brought on Behalf of Plaintiffs and the New York Class)

4      86.      All previous paragraphs are incorporated as though fully set forth herein.

5      87.      Overtime compensation due to New York workers is governed by New York

6    Labor Law ("NYLL"), N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

7      88.      NYLL requires that non-resident employees be compensated for all hours worked

8    in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the

9    regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

10      89.      NYLL requires that resident employees be compensated for all hours worked in

11    excess of forty-four (44) hours per week at a rate not less than one and one-half (1 ½) times the

12    regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

13      90.      Defendant is subject to the wage requirements of the NYLL because Defendant is

14    an "employer" under N.Y. LAB. LAW § 651(6).

15      91.      During all relevant times, Plaintiffs and the New York Class were covered

16    employees entitled to the above-described NYLL's protections. *See* N.Y. LAB. LAW § 651(5)

17    and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14.

18      92.      Plaintiffs and the New York Class are not exempt from the requirements of the

19    NYLL.

20      93.      Defendant is required by NYLL to pay Plaintiffs and the New York Class time

21    and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours for non-

22    residents and forty-four (44) hours for residents pursuant to N.Y. COMP. CODES R. & REGS.

23    tit. 12, § 142-2.2.

24

COMPLAINT- 19
Case No.

94.     Defendant violated Plaintiffs' and the New York Class Members' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay their regular rate of pay to which they are entitled under N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

95.     Specifically, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the New York Class for all their overtime hours worked.

96.     In violating the NYLL, Defendant acted willfully and with reckless disregard of clearly applicable NYLL provisions.

# VIII.     THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA LABOR CODE (CAL. LAB. CODE) § 510

**(Brought on Behalf of Plaintiffs Chery, McFarland, Siggers, and the California Class)**

97. All previous paragraphs are incorporated as though fully set forth herein.

98.     Overtime compensation due to California workers is governed by Cal. Lab. Code § 510.

99.     Cal. Lab. Code § 510 requires that non-exempt employees be compensated for all hours worked in excess of eight hours in one workday and all hours worked in excess of forty (40) hours per workweek at a rate not less than one and one-half (1 ½) times the regular rate of pay. Cal. Lab. Code § 510 also requires that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay, and that any work in excess of eight hours on the seventh day of a workweek must be compensated at the rate of no less than twice the regular rate of pay.

COMPLAINT- 20
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

100.     Defendant is subject to the wage requirements of the Cal. Lab. Code because Defendant is an "employer" pursuant to the statute.

101.     During all relevant times, Plaintiffs and the California Class were covered employees entitled to protections under Cal. Lab. Code § 510.

102.     Plaintiffs and the California Class are not exempt from the requirements of Cal. Lab. Code § 510.

103.     Defendant is required by Cal. Lab. Code § 510 to pay Plaintiffs and the California Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours; twice the regular pay rate for any work conducted in excess of 12 hours in one day; and twice the regular pay rate for any work in excess of eight hours on the seventh day of their workweek.

104.     Defendant violated Plaintiffs' and the California Class Members' rights by failing to pay them the legally required amount of overtime compensation to which they are entitled under Cal. Lab. Code § 510. Pursuant to Cal. Lab. Code § 558.1, Defendant is liable for this violation.

105.     Specifically, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the California Class for all their overtime hours worked.

106.     In violating the California Labor Code, Defendant acted willfully and with reckless disregard of clearly applicable California state law provisions.

107.     Pursuant to Cal. Lab. Code § 1194, Defendant is liable to Plaintiffs and the California Class Members for unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

COMPLAINT- 21
Case No.

IX.   **FOURTH CAUSE OF ACTION: VIOLATION OF ILLINOIS MINIMUM WAGE LAW, COUNT IV 820 ILCS 105/4A**

**(Brought on Behalf of Plaintiffs Siggers and the Illinois Class)**

108.   All previous paragraphs are incorporated as though fully set forth herein.

109.   During all relevant times, Defendant was an employer within the meaning of 820 ILCS 105/3(c).

110.   During all relevant times, Plaintiffs Siggers and the Illinois Class Members were covered employees within the meaning of 820 ILCS 105/3(d).

111.   Under 820 ILCS 105/4a, an employee who works in excess of 40 hours a week must receive time and a half for the hours worked in excess of 40 hours at their regular rate of pay.

112.   Plaintiffs Siggers and the Illinois Class are not exempt from the requirements of 820 ILCS 105/4a.

113.   In violating 820 ILCS 105/4a, Defendant acted willfully and with reckless disregard of clearly applicable Illinois state law provisions.

114.   Pursuant to 820 ILCS 105/12, Defendant is liable to Plaintiffs Siggers and the Illinois Class Members for treble the amount of unpaid overtime wages, attorneys' fees and costs, and damages of 2% of the amount of underpayments for each month following the date of payment during which such underpayments remain underpaid.

X.   **FIFTH CAUSE OF ACTION: VIOLATION OF MAINE MINIMUM WAGE LAW, 26 M.R.S.A § 664**

**(Brought on Behalf of Plaintiff McFarland and the Maine Class)**

115.   All previous paragraphs are incorporated as though fully set forth herein.

COMPLAINT- 22
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

116.     During all relevant times, Defendant was an employer within the meaning of 26 M.R.S.A § 663.

117.     During all relevant times, Plaintiff McFarland and the Maine Class Members were covered employees within the meaning of 26 M.R.S.A § 663.

118.     Under 26 M.R.S.A § 664, an employee who works in excess of 40 hours a week must receive time and a half for the hours worked in excess of 40 hours.

119.     26 M.R.S.A § 664 does not contain an exemption for computer employees.

120.     In violating 26 M.R.S.A § 664, Defendant acted willfully and with reckless disregard of clearly applicable Maine state law provisions. Pursuant to 26 M.R.S.A § 670, Defendant is liable to Plaintiff McFarland and the Maine Class Members for unpaid overtime wages, liquidated damages, attorneys' fees and costs.

## XI.     <u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Classes:

a.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Class;

d.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the California Class;

COMPLAINT- 23
Case No.

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000,
Boston, MA 02116
(617) 994-5800

1          e.      An order permitting this litigation to proceed as a class action pursuant to Fed. R.

2     Civ. P. 23 on behalf of the Illinois Class;

3          f.      An order permitting this litigation to proceed as a class action pursuant to Fed. R.

4     Civ. P. 23 on behalf of the Maine Class;

5          g.      Back pay damages for unpaid overtime compensation and prejudgment interest to

6     the fullest extent permitted under the law;

7          h.      Liquidated, punitive, and/or exemplary damages to the fullest extent permitted

8     under the law;

9          i.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under

10    the law; and

11         j.      Such other and further relief as this Court deems just and proper.

12                              **XII.    JURY TRIAL DEMAND**

13    Plaintiff demands a trial by jury for all issues of fact.

14

15     Dated: April 24, 2023                    Respectfully submitted,

16

17                                              /s/Michael Subit_____

18                                              Michael Subit
                                                Frank Freed Subit & Thomas LLP
19                                              705 Second Avenue, Suite 1200
                                                Seattle, WA  98104-1798
20                                              (206) 682-6711 (Telephone)
                                                (206) 682-0401 (Facsimile)
21                                              msubit@frankfreed.com (E-mail)

22

23

24
      COMPLAINT- 24                                    LICHTEN & LISS-RIORDAN, P.C.
      Case No.                                              729 Boylston St., Suite 2000,
                                                                 Boston, MA 02116
                                                                  (617) 994-5800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Harold Lichten*
Matthew Patton*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
mpatton@llrlaw.com

Attorneys for Plaintiff
and the Proposed Classes


* Pro Hac Vice anticipated.

COMPLAINT- 25
Case No.