UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICARDO CHERY, *et al.*,

               Plaintiffs,

    v.

TEGRIA HOLDINGS LLC,

               Defendant.

Case No. C23-612-MLP

ORDER

Plaintiffs Ricardo Chery, Marcus McFarland, and Jasmine Siggers have filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. (Dkt. # 29.) Plaintiffs seek preliminary approval of a settlement disposing of their claims that Defendant Tegria Holdings LLC violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and state labor laws. (*See* Am. Compl. (dkt. # 28) at ¶¶ 51-69.) Plaintiffs seek to certify a Federal Rule of Civil Procedure ("Rule") 23 class for settlement purposes as well as an FLSA collective action. (*See* Mot. at 3-4.)

Plaintiffs' Motion attaches the proposed settlement agreement. (Dkt. # 29-1.) Having reviewed the proposed settlement, the Court has determined that certain issues must be addressed before preliminary approval may be considered.

ORDER - 1

(1)     The proposed settlement fails to allocate proceeds between the FLSA claims and the state law claims. A hybrid settlement such as this one "must create separate funds for payment of the Rule 23 claims and the FLSA claims[.]" *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 602 (E.D. Cal. 2015); *see also Ohring v. UniSea, Inc.*, 2023 WL 7413046, at *1 (W.D. Wash. Nov. 9, 2023) ("proposed settlement could not be approved because it . . . failed to allocate between the FLSA and [state wage] claims").

(2)     The proposed settlement provides a deficient procedure for FLSA opt-in. An FLSA claim may be pursued in collective fashion only by similarly-situated employees who "consent in writing" to become plaintiffs, provided "such consent is filed" with the Court. 29 U.S.C. § 216(b). This Court and others have rejected an opt-in procedure triggered by signing the back of a settlement check displaying opt-in language. (*See* dkt. # 29-1 at 6.) *See Ohring*, 2023 WL 7413046, at *1; *Johnson v. Quantum Learning Network, Inc.*, 2016 WL 8729941, at *1 (N.D. Cal. Aug. 12, 2016) (procedure whereby "FLSA collective action members opt in to the collective action by cashing or depositing their settlement checks . . . does not comply with the plain language of the FLSA.").

(3)     Plaintiffs have not explained why it is impossible or impracticable to determine each class or collective action member's actual losses rather than rely on a proxy based on the number of weeks each employee worked. (*See* dkt. # 29 at 10-11.) Plaintiffs report "Defendants provided comprehensive data with thousands of entries recording the days and hours worked by each putative class member, as well as his or her hourly rate, from which Plaintiff's counsel could compile a detailed damages model for their claimed overtime damages." (*Id.* at 10.) It is unclear why each member's actual damages could not be determined using this comprehensive data. Plaintiffs must explain why a damages model is appropriate.

ORDER - 2

The parties are ORDERED to provide a joint status report addressing the above-identified issues, either showing cause why the Court should not deny approval of the currently proposed settlement or providing a revised settlement agreement, by **July 12, 2024**. The Clerk is directed to re-note Plaintiffs' Motion (dkt. # 29) to **July 12, 2024**.

Dated this 12th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3