UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO CHERY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEGRIA HOLDINGS LLC, <br><br> Defendant. | Case No. C23-612-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs Ricardo Chery, Marcus McFarland, and Jasmine Siggers' (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement. (Pls.' Mot. (dkt. # 29).) Plaintiffs seek to settle claims, on behalf of themselves and all others similarly situated, against Defendant Tegria Holdings LLC ("Tegria" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Washington Minimum Wage Act, RCW 49.46.130, and willful withholding of wages under Washington law. (Am. Compl. (dkt. # 28) at ¶¶ 51-69.)

Plaintiffs request the Court enter an order: (1) provisionally certifying a settlement class and collective action; (2) provisionally appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel; (3) preliminarily approving the proposed settlement

ORDER - 1

agreement; (4) approving the proposed form of settlement notice; (5) setting a deadline for a motion for final settlement approval and attorneys' fees; and (6) setting a date for a final approval hearing. (Pls.' Mot. at 2; *see also* dkt. # 29-2 at 2-3.) Having considered Plaintiffs' submissions, the balance of the record, and the governing law, the Court orders that Plaintiffs' Motion (dkt. # 29) be GRANTED.

I.   BACKGROUND

On May 24, 2024, Plaintiffs filed their Motion along with a proposed Class and Collective Action Settlement Agreement and Release (dkt. # 29-1). On June 12, 2024, the Court raised concerns about the proposed agreement's: failure to allocate settlement proceeds between claims pursuant to the FLSA and state labor laws; deficient FLSA opt-in procedure; and award of proceeds based on a damages model proxy of weeks worked rather than according to each class or collective action member's actual losses. (Dkt. # 30.) On July 26, 2024, Plaintiffs filed a supplemental brief in support of their Motion (Pls.' Suppl. Br. (dkt. # 35)), along with an Amended Class and Collective Action Settlement Agreement and Release executed by the parties (the "Agreement" (dkt. # 35-1)). Plaintiffs contend the Court should preliminarily approve the settlement because the amended Agreement: allocates 25% of proceeds to FLSA claims and 75% to state law claims;[1] provides a proper opt-in process for FLSA claims, with opt-in forms to be filed prior to a final approval hearing; and distributes proceeds according to estimated actual damages rather than a proxy. (Pls.' Suppl. Br. at 2; *see* Agreement at ¶¶ 20, 26, 28, 29(b)-(c).)

---

[1] Plaintiffs provide no justification for this particular allocation. Although the Court preliminarily approves the collective action settlement as further discussed below, Plaintiffs are directed to provide this information in the motion for final approval.

ORDER - 2

The Agreement defines both an FLSA collective and a Rule 23 class as "individuals who were employed and paid by Defendant to provide software training to hospital workers in the United States at any time during the Relevant Time Period" of April 3, 2020, through March 31, 2023. (Agreement at ¶¶ 10(y), (cc), (dd).) Plaintiffs contend there are 225 class and collective members. (Pls.' Mot. at 6.) The Agreement provides for Tegria to pay $1,500,000, of which $386,305 is allocated to attorneys' fees and costs (subject to Court approval), $15,000 to service payments of $5,000 each to the three named Plaintiffs, and up to $30,000 to settlement administration costs (currently estimated not to exceed $12,000), leaving $1,068,695 in proceeds for class or collective members. (Agreement at ¶¶ 10(i), (n), (u); *see* Pls.' Mot. at 4.) The average payout would thus be approximately $4,750 per class or collective member. Plaintiffs contend these proceeds equate to 80% of class and collective members' estimated total damages. (Pls.' Mot. at 11.)

## II.     DISCUSSION

### A.     Rule 23 Class Action

Pursuant to Federal Rule of Civil Procedure 23, a class action may be settled only with the Court's approval. Fed. R. Civ. P. 23(e). Before the Court may order notice of a proposed settlement to the class, the parties must make a sufficient showing that the Court "will likely be able" to approve the proposed settlement under Rule 23(e)(2) and to certify the class under Rule 23(a)-(c). Fed. R. Civ. P. 23(e)(1); *see also Cavazos v. Salas Concrete Inc.*, 2022 WL 506005, at *4-5 (E.D. Cal. Feb. 18, 2022) (summarizing standards for review of proposed class action settlement).

A settlement may only be approved if the Court finds it is "fair, reasonable, and adequate" after considering: the adequacy of class representatives and counsel; whether the

ORDER - 3

proposal was negotiated at arms' length; whether the proposal treats class members equitably relative to each other; and the adequacy of the relief provided for the class. Fed. R. Civ. P. 23(e)(2). The adequacy of relief factor must take into account the costs and benefits of trial and appeal, the effectiveness of the method of distributing relief, attorneys' fees, and any related side agreements. Fed. R. Civ. P. 23(e)(2)(C); *see also In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (court approval requires showing settlement is fair, reasonable, and adequate after scrutinizing for collusion or conflicts of interest).

Certification of a class requires a showing of numerosity, common questions of law or fact, typicality of named Plaintiffs' claims, and fair and adequate protection of the class's interests. Fed. R. Civ. P. 23(a). In addition, Plaintiffs seek to certify the class under Rule 23(b)(3), which requires a showing that common questions predominate and a class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3); *see* Pls.' Mot. at 6.

"[B]efore any settlement can receive final approval, a fairness hearing must be held where members of the class may be heard concerning their support for, or objection to, the settlement." *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1267 (9th Cir. 2010).

### B.     FLSA Collective Action

An employee's claims under the FLSA are "nonwaivable." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Accordingly, settlement of FLSA claims requires court approval. *Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1183 (E.D. Cal. 2018) ("Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court.") (citing *Barrentine*, 450 U.S. at 740). The FLSA "authorizes an employee to bring an action on behalf of similarly situated employees, but requires that each employee opt-in to the suit" by a consent to sue that is filed

with the Court. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000); *see* 29 U.S.C. § 216(b). "To facilitate this process, a district court may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs[.]" *Id.*

Before approving a settlement, the Court "examines whether a settlement is a fair and reasonable resolution of a *bona fide* dispute." *Cavazos*, 2022 WL 506005, at *5. "A *bona fide* dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (citation and quotation marks omitted).

In determining whether a settlement is fair and reasonable, "many courts begin with the well-established criteria for assessing whether a class action settlement is 'fair, reasonable, adequate' under Fed. R. Civ. P. 23(e)," but must give "due weight to the policy purposes behind the FLSA." *Selk*, 159 F. Supp. 3d at 1172. Factors a court should consider include:

> (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*Id.* at 1173.

### C.     Preliminary Approval

The Court finds the parties have made a sufficient showing under both Rule 23(e) and the FLSA that the proposed Agreement is a fair, reasonable, and adequate resolution of a *bona fide* dispute and that the proposed class is certifiable. Accordingly, finding it is likely that the Court will be able to approve the Agreement pursuant to Rule 23(e) and the FLSA, the Court hereby preliminarily approves the Agreement. The Court provisionally certifies the following class for settlement purposes only:

ORDER - 5

> All individuals who were employed and paid by Defendant to provide software training to hospital workers in the United States at any time during the relevant time period of April 3, 2020, through March 31, 2023.

The Court preliminarily appoints Plaintiffs as class representatives. The Court preliminarily appoints Harold L. Lichten of Lichten & Liss-Riordan, P.C., and Michael C. Subit of Frank Freed Subit & Thomas LLP as class counsel.

The Court concludes that the form of notice at Exhibit A to the Agreement, as well as the procedure set forth in the Agreement for providing notice to the class and collective action members, satisfies due process concerns and will provide the best notice practicable under the facts and circumstances of this case. (*See* Agreement at ¶ 16, pp. 24-30.) However, the first page of the notice should be updated to reflect the settlement apportionment provided by the Agreement, as amended, and the section on attorneys should include all class counsel. (*See id.* at pp. 24 ("Based on the number of weeks you worked for Tegria" (capitalization omitted)), 28.) In accordance with the Agreement, the Court appoints Simpluris as settlement administrator. (*See id.* at ¶ 10(aa).)

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (dkt. # 29) is GRANTED. Plaintiffs' motion for final approval is due **November 1, 2024**. The final settlement approval fairness hearing is scheduled for **December 4, 2024**.

Dated this 31st day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6